**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4503**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

DONALD PALMORE,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah K. Chasanow, District Judge.
(8:07-cr-00056-DKC-1)

Submitted:  November 10, 2009      Decided:  December 23, 2009

Before WILKINSON, KING, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Timothy  Litka,  LAW  OFFICE  OF  TIMOTHY  LITKA,  LLC,
Washington, D.C.,  for  Appellant. Rod  J.  Rosenstein,  United
States Attorney, Bryan E. Foreman, Assistant United States
Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Palmore was convicted, by a jury, of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). The district court sentenced Palmore to twenty-four months in prison. On appeal, Palmore challenges the district court's denial of his motion to suppress and moves this court to expedite his case. In light of the Supreme Court's recent decision in Arizona v. Gant, 129 S. Ct. 1710 (2009), which addressed the search-incident-to-arrest exception to the warrant requirement of the Fourth Amendment, we find that the vehicle search incident to Palmore's arrest was unreasonable.[1] We accordingly vacate the district court's judgment and remand for further proceedings.

In Gant, the Supreme Court rejected the idea that the Fourth Amendment "allow[s] a vehicle search incident to arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search." Gant, 129 S. Ct. at 1718. The Court held instead that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is

---

[1] Gant was decided after Palmore appealed the criminal judgment. Thus, the district court did not have the benefit of the Supreme Court's decision.

reasonable to believe the vehicle contains evidence of the offense of arrest." Id. at 1723. The Court further explained that "[w]hen these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." Id. at 1723-24.

Palmore was not in reaching distance of the vehicle's passenger compartment at the time of the search. Nor did the officers have reason to believe that the vehicle contained evidence of the offense of driving on a suspended license, for which he was arrested. See id. at 1719 ("Gant was arrested for driving with a suspended license--an offense for which police could not expect to find evidence in the passenger compartment of Gant's car."). As the Government commendably concedes, the facts of this case do not justify the warrantless search of the vehicle incident to his arrest.

Accordingly, we vacate the criminal judgment and remand for further proceedings.[2] We deny Palmore's motion to expedite as moot. We dispense with oral argument because the

---

[2] Palmore raises another issue in this appeal, claiming that the district court erred by failing to give the jury a curative instruction after a witness testified that Palmore was a prohibited person in possession of a firearm. Because we have concluded that the conviction should be vacated, we decline to consider this remaining issue.

3

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED